**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4473**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TRAVIS WAYNE BOWMAN,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:07-cr-00027-LHT-1)

───────────

Submitted:  March 17, 2009         Decided:  March 19, 2009

───────────

Before TRAXLER, KING, and AGEE, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Claire J. Rauscher, Executive Director, Federal Defenders of Western North Carolina, Inc., Charlotte, North Carolina; Raquel Wilson, Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Wayne Bowman appeals from the 120-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). We dismiss the appeal based on the waiver contained in Bowman's plea agreement.

On appeal, Bowman challenges the U.S. Sentencing Guidelines Manual chapter two and three enhancements to his sentence. Bowman waived his right to appeal his sentence with the exception of the application of chapter two and four enhancements. He alleges that the chapter two and three applied enhancements are invalid because the district court relied on facts that were not charged in the indictment or admitted by him in imposing the statutory maximum, below Guidelines range, sentence, in violation of the Sixth Amendment. As the Government notes, however, Bowman has waived his right to challenge the chapter three enhancement entirely. Bowman's Sixth Amendment challenge to the chapter two enhancement is also waived because it does not implicate the application of the guideline enhancement. See United States v. Clark, 415 F.3d 1234 (10th Cir. 2005).[*]

---

[*] Even if the merits of the chapter two enhancement were before the court, the claim is foreclosed by our decision in United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008).

We find that the waiver in the plea agreement bars the claims brought on appeal and therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED